**Yolanda MEDRANO–BALDERAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71471.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.[*]

Filed June 22, 2006.

Yolanda Medrano–Balderas, Long Beach, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM **

Yolanda Medrano–Balderas, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' denial of her motion pursuant to 8 C.F.R. § 1003.2 to reconsider its decision affirming an immigration judge's denial of her application for cancellation of removal. She contends that her departure to Mexico in 1997 did not interrupt her continuous physical presence in the United States. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

We review the Board's denial of a motion to reconsider for an abuse of discretion. *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (2005). We will uphold the Board's decision unless it is arbitrary, irrational, or contrary to law. *Id.*

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in this country. *Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 972 (9th Cir.2003) (per curiam). After the Board issued its decision, we held, however, that an alien's brief return to his native country for family reasons does not interrupt his continuous physical presence even if he is stopped and turned away at the border when he attempts to return. *Tapia v. Gonzales*, 430 F.3d 997, 1002–04 (9th Cir.2005).

Respondent submitted an FBI record stating that on August 3, 1997, Medrano–Balderas attempted admission into the United States and was "expeditiously removed." At her hearing, she confirmed that she was removed from the United States.

On this record, we cannot determine whether Medrano–Balderas received administrative voluntary departure under threat of deportation. We therefore grant the petition and remand for further proceedings concerning the nature of her contact with immigration officials in 1997 and such further proceedings as may be appropriate. *See Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir.2006).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.